[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff law firm seeks to recover fees, costs and expenses for legal services rendered on behalf of the defendant during the approximate dates of April 14, 1992 to June 1, 1992. The amount claimed due is $1,127.50.
By way of special defense, the defendant (appearing pro se) claims she was suffering from emotional disorders at the time, including anxiety and depression, which required her to take CT Page 8652 medication. Further, as a result of her condition and/or medication, she did not have sufficient mental capacity to enter into a contract with the plaintiff law firm.
After trial held, the Court makes the following findings:
In April 1992 the defendant was the owner of a business called Paradise Promotions which was in the business of marketing a variety of products. The business had a credit card account with the First Interstate Bank of South Dakota which account said bank had closed resulting in an interruption of cash flow to the defendant.
The defendant, accompanied by one Bruce Lloyd who has been described as her business advisor, consulted with the plaintiff firm on April 14, 1992. They met with Attorney Daniel Mara of the law firm, discussed the nature of the problem, and were told verbally by Atty. Mara that the firm's service would be billed at an hourly rate of between $135.00 and $185.00 depending on the provider. Atty. Mara explained that he would probably do most of the work and his billing rate was $160.00 per hour. The fee arrangement was acceptable and the law firm provided the requested services. They were successful in getting the bank to reinstate or reopen the account through negotiations and discussions with the bank. The defendant, however wanted to pursue a suit against the bank for losses she claimed were the result of the time period when her account was closed. Additional work was done by the plaintiff on that potential suit, but by June 1, 1992 that idea had been dropped and the plaintiff performed no further services.
The plaintiff has submitted a detailed accounting in support of its claim. An attorney with the firm testified that they did not log all of the telephone calls received from the defendant but billed only for the calls where something of substance was discussed.
The defendant presented no medical evidence to support her claim of mental incapacity at the time. To the contrary, she was running a business and had several conversations with her attorney concerning business problems she was having. The plaintiff provided legal services for her at her request.
The billing summary submitted by the plaintiff indicates most of the time was spent on telephone calls to the bank or to the defendant or to both. All appear to be related to matters which CT Page 8653 the plaintiff had been hired to look into. Indeed, in computing the losses she claimed were incurred as a result of the bank's action, the defendant lists attorney's fees as part of her damages. (Exhibit B, page 7).
Judgment shall enter for the plaintiff in the amount of $1,127.50 plus costs.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court